UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JOT PARKASH SINGH,
Petitioner,
v.
JEREMY CASEY, Warden, Imperial Regional Detention Facility, et al.,
Respondents.

Case No.: 26-cv-3791-RSH-DDL

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

[ECF No. 2]

On June 29, 2026, pro se petitioner Jot Parkash Singh filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Respondents have filed a return. ECF No. 7.

Petitioner alleges that, although he was previously conditionally released following his arrest by the Department of Homeland Security in January 2024, the government re-arrested him on December 10, 2025 without adequate or proper notice. ECF No. 1 at 6. He has been detained at the Imperial Regional Detention Facility since his re-arrest. *Id.*

Petitioner challenges the lawfulness of his continued detention, arguing: (1) Petitioner's prolonged detention violates his rights to due process; (2) Petitioner's detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because there is no significant

likelihood of Petitioner's removal in the reasonably foreseeable future; and (3) Respondents acted unlawfully in re-arresting Petitioner without notice despite his prior release on conditional parole, and absent any violation of these conditions. ECF No. 1 at 4-6. Petitioner also alleges he is not a flight risk or a danger to the community. *Id.* at 7. Petitioner seeks his immediate release, or in the alternative, a bond hearing.[1] *Id.* at 8.

In their return, Respondents did not address Petitioner's claims for relief, including his claim that his re-arrest without notice was unlawful in light of his prior immigration parole. *See* ECF No. 7. The Court therefore treats this claim as uncontested, and determines that Petitioner should be released on these grounds.

Accordingly, the Petition is **GRANTED**. Within ***one business day of the date of this order***, Respondents shall release petitioner Jot Parkash Singh from immigration custody under the terms of his prior release.[2] This order does not constrain Respondents' ability to impose or modify appropriate conditions of release.

**IT IS SO ORDERED**.

Dated: July 28, 2026

Hon. Robert S. Huie
United States District Judge

---

[1] Pursuant to Judge Bencivengo's Order granting Petitioner's first habeas petition, Case No. 26-cv-557-CAB-BLM, ECF No. 6, Petitioner was granted a bond hearing under to 8 U.S.C. § 1226(a) at which he was denied bond, ECF Nos. 1 at 2; 7 at 2.

[2] In light of the foregoing disposition, the Court declines to address Petitioner's remaining grounds for release. Petitioner's motion for the appointment of counsel [ECF No. 2] is **DENIED** as moot.